IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Benjamin Newman, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No: 3:11-cv-85 |
| vs. | ) | |
| | ) | **ORDER** |
| Don Redmann, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Benjamin Newman ("Newman") filed a successive petition for habeas relief under 28 U.S.C. § 2254. (Doc. #1). He also filed a motion for a new trial and a motion for an evidentiary hearing. (Doc. #3, Doc. #4). Newman raises the same grounds for relief that he raised in his previous habeas petition. See Newman v. Redmann, District Court Case No. 3:09-cv-63. In addition, Newman raises arguments related to Rule 10.1(d) of the North Dakota Rules of Court prohibiting cameras, sound apparatus, and wireless communication devices. Newman raised all of his claims including the Rule 10.1(d) claims before the Eighth Circuit Court of Appeals when he petitioned for authorization to file a successive § 2254 petition in the district court. See Newman v. Redmann, Appellate Court Case No. 11-1629. The Eighth Circuit denied Newman's petition. Id.

This court cannot entertain a successive petition for habeas relief unless Newman first obtains an order from the Eighth Circuit Court of Appeals authorizing this court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A). Newman has not obtained preauthorization and therefore his current petition must be dismissed without prejudice for lack of jurisdiction. See Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (concluding that a district court lacks jurisdiction to consider a successive petition filed without authorization from the appropriate court of appeals). It is **ORDERED** that Newman's petition for habeas relief (Doc. #1) is

**DISMISSED** without prejudice.  In addition, Newman's motions for a new trial and for an evidentiary hearing (Doc. #3, Doc. #5) are **DENIED**.

Based upon the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Therefore, a certificate of appealability will not be issued by this Court.  See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)).  If petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-522 (8th Cir. 1997).

**JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

Dated this 7th day of October, 2011.

 /s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge